COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-05-404-CV

 

IN THE INTEREST OF K.R.C.,



C.D.C.,
C.C., L.L.C., 

AND M.A.C., CHILDREN                                                                       

                                                                                                        

 

                                              ------------

 

           FROM
THE 323RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Michael H.-C. and Lucy H.
appeal the trial court=s order
terminating their parental rights to five of their children.  In two issues, appellants complain that the
trial court abused its discretion by admitting certain testimony regarding
Michael=s alleged sexual abuse of one of the children, C.D.C.  We affirm.








In their first issue,
appellants complain that the trial court erred by admitting the testimony of a
court-appointed special advocate (CASA worker) regarding an outcry about the
abuse that K.R.C. and C.D.C. made to the CASA worker at a park, because the children
were not shown to be competent witnesses under evidentiary rule 601.[2]  In their second issue, appellants complain
that the testimony of the children=s foster mother regarding a conversation she had with K.R.C. and
C.D.C. concerning the abuse is inadmissible under family code section 104.006,[3]
because the statements K.R.C. made were not about sexual abuse of himself, but
referred to alleged sexual abuse of C.D.C. 
The Texas Department of Family and Protective Services argues that
appellants have waived both complaints by failing to raise them in their
statement of points on which they intended to appeal.[4]








We do not reach the
Department=s argument
because, even assuming that appellants preserved their complaints and can show
that the trial court abused its discretion by admitting the evidence, any error
is harmless.  A judgment may not be
reversed on appeal based on trial court error unless the error probably caused
the rendition of an improper judgment or probably prevented the appellant from
presenting his case to the court of appeals.[5]  Here, the record is replete with other,
unobjected-to evidence that C.D.C. made outcries of sexual abuse against
Michael.  For example, both Lucy (C.D.C.=s mother) and C.D.C.=s adult sister testified that C.D.C. had talked about being sexually
abused by Michael.  In addition, Teresa
Haney, a Child Protective Services investigator, testified that C.D.C.=s sister had reported seeing Michael molest C.D.C. and that C.D.C. had
on more than one occasion reported being sexually abused by her brother,[6]
her uncle, and Michael.  Haney further
testified that K.R.C. and C.C. both told her that Lucy had told K.R.C. that
Michael had sexually abused C.D.C. 

 








Accordingly, because evidence
that is the same as or similar to that about which appellants complain was
introduced elsewhere during trial without objection, we overrule appellants= issues and affirm the trial court=s termination order.

 

PER CURIAM

PANEL F:    CAYCE,
C.J.; GARDNER and WALKER, JJ.

DELIVERED: 
July 6, 2006











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. Evid. 601(a)(2) (providing that
children are incompetent to testify if, after being examined by the court, they
Aappear
not to possess sufficient intellect to relate transactions with respect to
which they are interrogated@).





[3]See Tex. Fam. Code Ann. '
104.006 (Vernon 2002) (providing for admission, in a suit affecting a
parent-child relationship, of a hearsay statement made by a child under 12 that
describes alleged abuse Aagainst
the child@).





[4]See id.
'
263.405(i) (Vernon Supp. 2005) (providing that A[t]he
appellate court may not consider any issue that was not specifically presented
to the trial court in a timely filed statement of the points on which the party
intends to appeal@).  In this case, appellants=
statement of points makes only the following general complaint:

 

During trial, the
trial court erroneously admitted hearsay statements on numerous occasions.  To the extent those complaints were otherwise
properly preserved, [appellants] reserve the right to complain about those
rulings on appeal. 





[5]Tex. R. App. P. 44.1(a). 





[6]The
brother who allegedly molested C.D.C. was not one of the children involved in
the termination proceeding.